UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **FIRST COMMUNITY BANK** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 2:17-cv-00315** |
| | § | |
| **EVEREST NATIONAL INSURANCE COMPANY** | § § | **JURY REQUESTED** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, FIRST COMMUNITY BANK (hereinafter FCB) and brings the following claims against Defendant EVEREST NATIONAL INSURANCE COMPANY, and in support thereof, Plaintiff would respectfully show the Court as follows:

### I.    PARTIES

1.    Plaintiff FIRST COMMUNITY BANK OF TEXAS is a Texas corporation that maintains its principal place of business in Corpus Christi, Nueces County, Texas.

2.    Defendant EVEREST NATIONAL INSURANCE COMPANY, is a Delaware insurance company and underwriter doing business in Nueces County, Texas, and can be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### II.    CONDITIONS PRECEDENT

3.    All conditions precedent for recovery have been performed or have occurred.

### III.    JURISDICTION

4.    This matter was removed from state court based on federal diversity jurisdiction.

### IV.   VENUE

5. Venue is proper in the Corpus Christi Division of the United States District Court for the Southern District of Texas because all or a substantial part of the events or omissions complained of occurred in Nueces County: the insurance policy was purchased in Nueces County, the policy was negotiated in Nueces County, the loss occurred in Nueces County, and the policyholder resided in Nueces County at the time the cause of action accrued.

### V.   FACTS

6. FCB purchased an insurance policy from Defendant which requires Defendant to provide a defense should a covered claim be made against FCB.

7. Such a claim was made and Defendant failed to pay policy benefits.

8. FCB and its President, Wes Hoskins, were subjected to multiple lawsuits against them, as well as extensive discovery proceedings, including Cause No. 2015-DCV-3478-B in the 117th Judicial District Court of Nueces County, Texas.

9. Fortunately, FCB was able to resolve the claims against it without payment of either money or other consideration.

10. Defendant objected to the settlement, complaining that the policy of insurance contained a "consent to settle" clause.

11. This objection was patently frivolous since payment by Defendant carrier was neither requested nor made.

12. FCB reported to Defendant on the status of the lawsuit, including the conclusion that the defense costs would likely exceed the policy retention amount.

13. Defendant later insisted that it was not told of the possibility of exceeding the retention—despite having received continuing reports to the contrary.

14. Defendant also received pleadings, motions, and invoices for the multiple attorneys involved, but later insisted that it was not told of the existence of those lawyers.

15. Defendant repeatedly hid behind technical "defenses"—making false statements of fact—to justify its failure to pay policy benefits afforded by the policy.

16. Ultimately, Defendant paid only a small fraction of the costs it owed.

## VI.    BREACH OF CONTRACT

17. Defendant's conduct constitutes a breach of contract as Defendant has not complied with the terms and requirements of the policy.

18. Specifically, Defendant was provided with the names and identities of the various attorneys representing First Community Bank and its chairman, Wes Hoskins, in the various matters as early as December 23, 2014, but ignored that information.

19. Defendant denied awareness of the magnitude of the various problems and disapproved the attorneys who had obtained the favorable result for FCB after the fact.

20. Alternatively, Defendant either ignored or was ignorant of Texas law regarding the enforcement of notice and approval provisions contained within policies of insurance.

21. Under Texas law, an insurer must demonstrate actual prejudice in order to insist on notice or prior approval in order to decline coverage.

22. Defendant suffered no prejudice from a zero-payment settlement.

23. Defendant's wrongful conduct was a producing cause of injury and damages to FCB.

24. FCB seeks recovery of unliquidated damages and also reasonable and necessary attorney fees.

## VII.   DAMAGES

25.     Plaintiff seeks to recover its attorney fees incurred in defending against the underlying claims and all other relief to which it is justly entitled including damages of any kind, penalties, costs, expenses, pre-judgment interest, and reasonable and necessary attorney's fees.

26.     All attorney fees incurred by Plaintiff in defending against the underlying claims were reasonable and necessary.

27.     As a direct and proximate result of Defendant's conduct, Plaintiff FCB suffered damages over $200,000 but not more than $1,000,000 in damages.

## VIII.   ATTORNEY FEES

28.     Plaintiff seeks to recover its reasonable and necessary attorney's fees and costs in pursuing this action under Section 38.001 of the Texas Civil Practice & Remedies Code.

## IX.   JURY DEMAND

29.     FCB demands a trial by jury.

## X.   PRAYER FOR RELIEF

30.     FCB prays for the following judgment against Defendant:

   a. Actual damages;

   b. Pre-judgment and post-judgment interest;

   c. Court costs;

   d. Attorney fees;

   e. All other relief to which it is entitled.

Respectfully submitted,

   /s/   Eric Stewart
VAN HUSEMAN
SBN: 10323500
vhuseman@husemanstewart.com
ERIC STEWART
SBN: 24058133
estewart@husemanstewart.com
JOHN SWALLOW
SBN: 24085611
TX FED. ID NO. 2050611
jswallow@husemanstewart.com

**HUSEMAN & STEWART, PLLC**
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
Tel:    (361) 883-3563
Fax:   (361) 883-0210